Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:       mark@markmerin.com
                   paul@markmerin.com

Attorneys for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action arises from sexual harassment and sexual assault committed against JANE DOE, a private citizen, by Sergeant GABRIEL RAMOS, a law enforcement officer employed by the CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT.

## JURISDICTION & VENUE

1. This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

3. Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4. On September 24, 2021, JANE DOE submitted a government claim to the CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT concerning the claims asserted in this action, pursuant to Cal. Gov. Code § 905 *et seq*. On November 8, 2021, the government claim was rejected by CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT. On December 18, 2020, the CITY OF ELK GROVE mailed a notice of rejection of the government claim, pursuant to Cal. Gov. Code § 913(b).

## PARTIES

5. Plaintiff JANE DOE is a resident of the State of California, County of Sacramento. Plaintiff JANE DOE proceeds by a fictitious pseudonym, in place of her true and correct name.

6. Defendant CITY OF ELK GROVE is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Sacramento.

7. Defendant ELK GROVE POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Sacramento.

8. Defendant GABRIEL RAMOS is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant GABRIEL RAMOS is sued in his individual capacity.

9. Defendants DOE 1 to 5 are and/or were agents or employees of Defendants CITY OF ELK GROVE and/or ELK GROVE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant DOE 1 to 5's true and correct names and identities are not currently known. Defendants DOE 1 to 5 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

10. At all times relevant herein, all wrongful acts described were performed under color of

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

state law and/or in concert with or on behalf of those acting under the color of state law.

11. Plaintiff JANE DOE is a predominantly Spanish speaking, 41-year-old single mother of adult children.

12. On April 11, 2021, Plaintiff JANE DOE called 9-1-1 to report a theft in progress of a catalytic converter from her automobile parked near her apartment, located in Elk Grove, California.

13. Several of Defendant ELK GROVE POLICE DEPARTMENT's law enforcement officers responded to the scene.

14. The officers were unable to apprehend the culprits.

15. The officers took a report of the theft.

16. Defendant ELK GROVE POLICE DEPARTMENT's sergeant, Defendant GABRIEL RAMOS, remained at the scene, after most police units left.

17. Defendant GABRIEL RAMOS approached Plaintiff JANE DOE and told her he needed to speak with her husband about some details of the incident.

18. Plaintiff JANE DOE advised Defendant GABRIEL RAMOS that she was single.

19. Defendant GABRIEL RAMOS asked for and obtained Plaintiff JANE DOE's telephone number under the pretext that he may need it for further investigation of the theft incident.

20. Later that same day, Defendant GABRIEL RAMOS called Plaintiff JANE DOE from a blocked number with no caller identification available.

21. Defendant GABRIEL RAMOS inquired about how Plaintiff JANE DOE was feeling during the call.

22. Thereafter, almost every day and at times multiple times during the day, Defendant GABRIEL RAMOS called Plaintiff JANE DOE and asked increasingly personal questions, including what kind and color of underwear she wore.

23. Defendant GABRIEL RAMOS told Plaintiff JANE DOE that he wanted to have sex with her.

24. When Plaintiff JANE DOE objected to what were clearly improper questions and statements, Defendant GABRIEL RAMOS replied that Plaintiff JANE DOE's son would be in danger if she did not respond and cooperate with him.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

25. When Plaintiff JANE DOE indicated she did not want to answer his calls, Defendant GABRIEL RAMOS further threatened to do harm to her son if she did not pick-up when he called.

26. In early May 2021, Defendant GABRIEL RAMOS used threats of harm to her son to coerce Plaintiff JANE DOE into renting a room at the Sacramento Marriott Rancho Cordova.

27. Defendant GABRIEL RAMOS instructed Plaintiff JANE DOE to buy and wear black lingerie and high-heeled black shoes, to wear perfume, and to meet him at the hotel on the morning of May 3, 2021.

28. Defendant GABRIEL RAMOS told Plaintiff JANE DOE that he would reimburse her for the cost of the hotel room and the clothing he had instructed her to buy and wear.

29. Plaintiff JANE DOE complied with Defendant GABRIEL RAMOS's commands under fear of retaliation.

30. On May 3, 2021, Defendant GABRIEL RAMOS came to the hotel and performed oral sex on Plaintiff JANE DOE.

31. Defendant GABRIEL RAMOS coerced Plaintiff JANE DOE to have sexual intercourse with him.

32. Defendant GABRIEL RAMOS did not wear a condom when he engaged in sexual intercourse with Plaintiff JANE DOE.

33. Thereafter, Defendant GABRIEL RAMOS showered, dressed and, before leaving, told Plaintiff JANE DOE to remain at the hotel because he was going to return later that day for more sex.

34. Defendant GABRIEL RAMOS left approximately $230 in cash in the hotel room, to cover the room charges and the clothing costs.

35. Defendant GABRIEL RAMOS left the hotel room.

36. Plaintiff JANE DOE called the Rancho Cordova Police Department and officers responded to the hotel.

37. Before the officers arrived, Defendant GABRIEL RAMOS called Plaintiff JANE DOE and told her that something had come up and he would not be returning.

38. The officers arrived at the hotel and took a report from Plaintiff JANE DOE, took the clothes she had purchased and worn, the cash left by Defendant GABRIEL RAMOS, and Plaintiff JANE

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

DOE's cell phone.

39. Plaintiff JANE DOE was taken to a clinic in an ambulance and a rape kit examination was performed and the kit given to the officers who accompanied Plaintiff JANE DOE to the clinic.

40. Plaintiff JANE DOE has been violated and traumatized by Defendant GABRIEL RAMOS's actions and is presently undergoing mental health counselling.

41. Plaintiff JANE DOE and her family are terrified that Defendant GABRIEL RAMOS or others will retaliate against her and her family for her reporting Defendant GABRIEL RAMOS's acts.

42. On information and belief: Defendant GABRIEL RAMOS had a history of misconduct of which Defendants DOE 1 to 5 were aware. Defendant GABRIEL RAMOS was able to engage in misconduct under color of state law, including the misconduct described herein, due to Defendant DOE 1 to 5's lack of adequate training, supervision, and/or discipline.

## FIRST CLAIM

### Unwanted Sexual Harassment and Sexual Contact

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

43. Plaintiff JANE DOE asserts this Claim against Defendants GABRIEL RAMOS and DOE 1 to 5.

44. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

45. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

46. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

47. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

48. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## SECOND CLAIM

**Unwanted Sexual Harassment and Sexual Contact**

**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

49. Plaintiff JANE DOE asserts this Claim against Defendants GABRIEL RAMOS and DOE 1 to 5.

50. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

51. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power, in violation of the Fourteenth Amendment to the U.S. Constitution.

52. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE, in violation of the Fourteenth Amendment to the U.S. Constitution.

53. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

54. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## THIRD CLAIM

**Unwanted Sexual Harassment and Sexual Contact**

**(Cal. Const., Art. I, § 13)**

55. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

56. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

57. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power, in violation of Article I, Section 13 of the California Constitution.

58. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE, in violation of Article I, Section 13 of the California Constitution.

59. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

60. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

61. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## FOURTH CLAIM

### Unwanted Sexual Harassment and Sexual Contact

### (Cal. Const., Art. I, § 7(a))

62. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

63. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

64. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power, in violation of Article I, Section 7(a) of the California Constitution.

65. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE, in violation of Article I, Section 7(a) of the California Constitution.

66. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

67. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

68. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## FIFTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

69. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

70. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power, with deliberate indifference or reckless disregard of rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution; and Article I,

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

Sections 7(a) and 13 of the California Constitution.

71. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE, with deliberate indifference or reckless disregard of rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution; and Article I, Sections 7(a) and 13 of the California Constitution.

72. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

73. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

74. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory and treble damages and civil penalties against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendant GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## SIXTH CLAIM

### Assault / Battery

75. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

76. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

77. Defendant GABRIEL RAMOS sexually harassed and sexually assaulted Plaintiff JANE DOE, through the use coercion and an abuse of power.

78. Defendants DOE 1 to 5 failed to intercede in, were integral participants in, and/or aided and abetted Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

79. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

80. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

81. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## SEVENTH CLAIM

### Intentional Infliction of Emotional Distress

82. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

83. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

84. Defendant GABRIEL RAMOS engaged in outrageous conduct against Plaintiff JANE DOE which caused severe emotional distress, including sexually harassing and sexually assaulting Plaintiff JANE DOE.

85. Defendants DOE 1 to 5 engaged in outrageous conduct, including failing to intercede in, integrally participating in, and/or aiding and abetting Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE.

86. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

87. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

88. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## EIGHTH CLAIM

### Negligence

89. Plaintiff JANE DOE asserts this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5.

90. The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

91. Defendant GABRIEL RAMOS owed a duty to Plaintiff JANE DOE and breached that duty, including by sexually harassing and sexually assaulting Plaintiff JANE DOE.

92. Defendants DOE 1 to 5 owed a duty to Plaintiff JANE DOE and breached that duty, including by failing to intercede in, integrally participating in, and/or aiding and abetting Defendant GABRIEL RAMOS's sexual harassment and sexual assault of Plaintiff JANE DOE.

93. Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants GABRIEL RAMOS and DOE 1 to 5.

94. Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

95. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants GABRIEL RAMOS and DOE 1 to 5's actions and inactions, entitling her to receive compensatory damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT,

GABRIEL RAMOS, and DOE 1 to 5; and punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANE DOE seeks Judgment as follows:

1. For an award of nominal, compensatory, general, and special damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5, in excess of $1,000,000, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants GABRIEL RAMOS and DOE 1 to 5, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOE 1 to 5, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: December 10, 2021                                         Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

  Attorneys for Plaintiff
  JANE DOE

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JANE DOE.

Dated: December 10, 2021

Respectfully Submitted,

By: _____
  Mark E. Merin
  Paul H. Masuhara
  LAW OFFICE OF MARK E. MERIN
  1010 F Street, Suite 300
  Sacramento, California 95814
  Telephone: (916) 443-6911
  Facsimile: (916) 447-8336

   Attorneys for Plaintiff
   JANE DOE

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____