Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:         mark@markmerin.com
                     paul@markmerin.com

Attorneys for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| JANE DOE, | Case No. |
|---|---|
| Plaintiff, | **PLAINTIFF JANE DOE'S** |
| vs. | ***EX PARTE* MOTION TO** |
| CITY OF ELK GROVE, et al., | **PROCEED BY PSEUDONYM** |
| Defendants. | |

### I.   INTRODUCTION

Plaintiff requests the Court's permission to proceed by the pseudonym "Jane Doe" in place of her true and correct name because the action alleges her victimization through sexual assault.

### II.   STATEMENT OF RELEVANT FACTS

Plaintiff has initiated the above-captioned matter by filing the currently-operative Complaint. (ECF No. 1 ("Compl.").) Therein, Plaintiff alleges that she was manipulated and coerced into a relationship and sexually assaulted by Elk Grove Police Department sergeant Gabriel Ramos. (*Id*. ¶¶ 11-41.)

Plaintiff wishes to maintain her privacy and not to be publicly named in this action. (Declaration of Jane Doe ("Doe Decl.") ¶ 3.) Plaintiff believes that issues in this litigation are highly sensitive and personal in nature, such that disclosure of her identify would raise a serious risk of emotional and psychological harm. (*Id*. ¶ 4.) Plaintiff does not believe that proceeding by a pseudonym will be

1

**PLAINTIFF JANE DOE'S *EX PARTE* MOTION TO PROCEED BY PSEUDONYM**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No.

prejudicial to Defendants, since she has already disclosed her true identity to Defendants prior to filing this action and will disclose her true identity to Defendants during the course of this litigation, including during discovery. (*Id.* ¶¶ 5-6.)

### III. ARGUMENT

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). But the Ninth Circuit "ha[s] permitted parties to proceed anonymously when special circumstances justify secrecy," including "allow[ing] parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal quotation marks & alterations omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. For example, "[c]ourts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *See*, *e.g.*, *J.I. v. United States*, 2018 U.S. Dist. LEXIS 49646, at *4 (E.D. Cal. Mar. 23, 2018); *Roe v. Puig*, 2021 U.S. Dist. LEXIS 115728, at *7-9 (C.D. Cal. May 17, 2021); *Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *3-5 (C.D. Cal. June 17, 2016) (collecting cases); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) (observing "tradition of not revealing names of the victims of sexual assault").

Plaintiff alleges that she is the victim of sexual assault by a police officer. (ECF No. 1.) Plaintiff wishes to maintain her privacy and not to be publicly named in this action because the issues in this litigation are highly sensitive and personal in nature. (Doe Decl. ¶¶ 3-4.) Plaintiff fears disclosure of her identity would raise a serious risk of emotional and psychological harm. (*Id.* ¶ 4.) Defendants will not be prejudiced by Plaintiff's use of a pseudonym, since she has already disclosed her true identity to Defendants prior to filing this action and will disclose her true identity to Defendants during the course of this litigation, including during discovery. (*Id.* ¶¶ 5-6.)

### IV. CONCLUSION

Plaintiff respectfully requests the Court to grant permission to proceed by the pseudonym "Jane Doe" in place of her true and correct name. A proposed order granting permission is attached herewith.

Dated: December 10, 2021				Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

       Attorneys for Plaintiff
       JANE DOE

3

**PLAINTIFF JANE DOE'S *EX PARTE* MOTION TO PROCEED BY PSEUDONYM**
*Doe v. City of Elk Grove*, United States District Court, Eastern District of California, Case No.