UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 2:21-cv-02278-TLN-CKD |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, GABRIEL RAMOS, and DOES 1 to 5, | |
| Defendants. | |

This matter is before the Court on Mark E. Merin and Paul H. Masuhara's (collectively, "Plaintiff's counsel") Motion to Withdraw as Counsel for Plaintiff Jane Doe ("Plaintiff"). (ECF No. 6.) No opposition has been filed. For the reasons set forth below, the Court GRANTS the motion.

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

/ / /

1

1  The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Plaintiff's counsel moves to withdraw "because they do not believe that they can continue to effectively represent her, based on multiple enumerated bases for mandatory and permissive withdrawal." (ECF No. 6-1 at 3.)  On February 8, 2022, Plaintiff's counsel determined they could no longer represent Plaintiff and immediately contacted her by telephone and informed her of their intent to file a motion to withdraw as counsel. (*Id.*)  The following day Plaintiff's counsel followed up with Plaintiff and filed the instant motion. (*Id.*)  Absent any evidence or argument to the contrary, the Court concludes Plaintiff's counsel has sufficiently asserted that they are unable to sufficiently represent Plaintiff.  Therefore, the Court finds there is good cause for Plaintiff's counsel to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiff if the motion is granted. Plaintiff's counsel informed Plaintiff that they intended to withdraw in February 2022. (*Id.*) Further, the case is still at an early stage.  As such, there is ample time for Plaintiff and/or substitute counsel to meet the current deadlines in this case.  It also bears mentioning that no party has filed an opposition to this motion.  For all these reasons, the risk of prejudice is minimal.

///
///
///
///

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No. 6), leaving Plaintiff in Pro Per.  The Clerk of Court is directed to serve this Order on Plaintiff at the address which is on file with the Court.

IT IS SO ORDERED.

DATED:  May 2, 2022

_____
Troy L. Nunley
United States District Judge